UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NANCY MAYNARD,

    Plaintiff,

vs.                              CASE NO.:

TRICOUNTY PHYSICIANS, LLC, a
Florida Limited Liability Company,

    Defendant.    /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, NANCY MAYNARD, by and through the undersigned attorney, sues the Defendant, TRICOUNTY PHYSICIANS, LLC, a Florida Limited Liability Company, and alleges:

    1.    Plaintiff, NANCY MAYNARD, was an employee of Defendant and brings this action for unpaid overtime compensation , liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

**General Allegations**

    2.    Plaintiff, NANCY MAYNARD, was an employee who worked at Defendant's property within the last three years in Sumter County, Florida.

    3.    Plaintiff, NANCY MAYNARD, worked for Defendants as an hourly paid employee at an hourly rate of $15.00 per hour.

    4.    Plaintiff, NANCY MAYNARD, worked as a Billing Analyst for Defendant.

    5.    At all times material to this cause of action, Plaintiff, NANCY MAYNARD, was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

    6.    Defendant, TRICOUNTY PHYSICIANS, LLC, is a Florida Limited Liability

Corporation that operates and conducts business in Sumter County, Florida and is therefore, within the jurisdiction of this Court.

7. Defendant, TRICOUNTY PHYSICIANS, LLC, operates and conducts business at 1507 Buenos Aires Blvd., The Villages, Florida 32159.

8. Defendant, TRICOUNTY PHYSICIANS, LLC, operates as a healthcare facility providing services in internal medicine, blood pressure monitoring, I.V. therapy, hormone therapy, anti-aging, sexual wellness, and minor surgery. See www.VillaHealthCenter.com/clinical/

9. This action is brought under the FLSA, to recover from Defendant, overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

10. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

11. During Plaintiff's employment with the Defendant, Defendant, TRICOUNTY PHYSICIANS, LLC, earned more than $500,000.00 per year in gross sales.

12. Defendant, TRICOUNTY PHYSICIANS, LLC, employed approximately forty (40) employees and paid these employees plus earned a profit from their business.

13. During Plaintiff's employment, Defendant, TRICOUNTY PHYSICIANS, LLC, employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as medical gloves, Botox products, biohazard trash bags, needles/syringes, cotton swabs, bandaids, and other tools/materials used to run the business.

14. Therefore, at all material times relevant to this action, Defendant, TRICOUNTY PHYSICIANS, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

15. Additionally, Plaintiff, NANCY MAYNARD, is individually covered under the FLSA.

**FLSA Violations**

16. At all times relevant to this action, Defendant failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked.

17. During her employment with Defendant, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

18. Specifically, Defendant had a scheme and practice of splitting Plaintiff's hours between two business entities in an effort to avoid paying full overtime wages.

19. Defendant carried out this practice by requiring Plaintiff to clock in with TriCounty Physicians, LLC but then clock out once she was close to or over forty (40) hours for the week. Plaintiff would then be required to immediately clock back in under another business entity, Raquel Bautista Bookkeeping and Allied Services, LLC d/b/a Business Helpline ("Business Helpline"), and continue performing the same work.

20. Plaintiff's overtime hours worked with Business Helpline were disguised and recorded under the name "Raquel Bautista", the name of Defendant's office manager and registered agent of Business Helpline.

21. Despite recording the hours under the name "Raquel Bautista", Defendant compensated Plaintiff for the same hours recorded under "Raquel Bautista" at Plaintiff's regular rate.

22. For example, during the two week pay period 5/8/2017 through 5/21/2017, Plaintiff worked 86.35 hours for the Defendant. Plaintiff received a paycheck totaling $1,342.88 for those hours worked.[1] See Exhibit A

23. However, during the same two week pay period, 5/8/2017 through 5/21/2017,

Plaintiff also worked 36.12 hours logged under Business Helpline and disguised under the name Raquel Bautista. See Exhibit B

24. The 36.12 hours worked and logged under Business Helpline was solely for and to the benefit of Defendant.

25. Plaintiff then received a second paycheck totaling $470.60 for the 36.20 hours worked described in paragraphs 23 & 24.[2] See Exhibit C

26. Plaintiff's hours logged under Business Helpline were recorded and disguised under the name "Raquel Bautista".

27. Despite clocking in under Business Helpline, Plaintiff performed the same job duties as she did for Defendant.

28. Plaintiff performed her duties as a Billing Analyst at the same computer for both Defendant and Business Helpline.

29. At all times material to this cause of action, Plaintiff's work as a Billing Analyst was for the benefit of Defendant.

30. Defendant carried out the above described practice throughout Plaintiff's employment for the sole purpose of avoiding overtime labor costs.

31. Plaintiff is entitled to the half-time premium for all hours worked in excess of forty (40) per week.

32. Based upon these above policies, Defendant has violated the FLSA by failing to pay complete overtime pay.

33. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

---

[1] 80 Regular Hours x $15.00 = $1,200.00 plus 6.35 Overtime Hours x $15.00 x 1.5 = $142.88. Total = $1,342.88

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

34. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-33 above as though stated fully herein.

35. Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

36. During her employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

37. Plaintiff was paid her regular rate for almost all overtime hours worked regardless of how many overtime hours were worked in the workweek.

38. Defendants have failed to provide accurate overtime compensation for numerous pay periods.

39. Defendant did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

40. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

41. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

42. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, NANCY MAYNARD demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

---

[2] 36.20 Hours x $13.00 = $470.60

Dated this 30<u>th</u> day of January, 2020

                                              **/S/MATTHEW R. GUNTER**
Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:     (407) 420-1414
Facsimile:     (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff